IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA M. GARDNER | : | |
| Plaintiff, | | No. 4:04-CV-02474 |
| v. | : | |
| LIFE INSURANCE COMPANY | : | (Judge McClure) |
| OF NORTH AMERICA | | |
| Defendant | : | |

**MEMORANDUM**

April 26, 2005

**BACKGROUND:**

On November 16, 2004, plaintiff Dana M. Gardner filed a complaint against defendant Life Insurance Company of North America. Plaintiff's action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). This court has jurisdiction pursuant to 29 U.S.C. § 1132(e). Plaintiff seeks to recover long-term disability benefits, and the court's clarification of her entitlement to future benefits under her plan. See 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks recovery of her attorney's fees, interest, and court costs. See 29 U.S.C. § 1132(g).

In 2001, and up until January 7, 2002, plaintiff was employed as a wire drawer for Osram Sylvania in Towanda, Pennsylvania. At that time, defendant was

insurer and plan administrator of both a group short-term and long-term disability plan for Osram Sylvania. Plaintiff participated in the group disability plans. On January 7, 2002, plaintiff ceased working at Osram Sylvania due to a medical condition. On January 14, 2002, plaintiff was approved for short-term disability benefits under the plan. On July 19, 2002, defendant approved plaintiff for long-term disability benefits under the plan. On May 15, 2003, defendant determined that plaintiff was not totally disabled, as defined by the plan, and terminated her long-term disability benefits effective May 20, 2003. Plaintiff's internal appeal of the May 2003 decision was denied by defendant on June 16, 2003.

Plaintiff avers that defendant's decision to terminate plaintiff's long-term disability benefits was arbitrary and capricious and constituted an abuse of discretion. (Rec. Doc. No. 1, at 2, ¶ 15.) Plaintiff also asserts, among other things, that defendant had a conflict of interest because it was both the insurer and administrator of the plan. (Rec. Doc. No. 1, at 3, ¶ 15(a).)[1]

On January 6, 2005, a joint proposed case management plan was submitted by the parties. In that plan, a principal legal dispute between the parties was the scope of the court's review, and whether our review should be limited to the

---

[1] Defendant's answer denies that defendant was the plan administrator, and states that defendant was the claims administrator in connection with Osram Sylvania's group policies. (Rec. Doc. No. 5, at 1-2, ¶ 5.)

administrative record before the plan administrator, or whether the court could plenarily consider evidence outside of the record. (Rec. Doc. No. 6, at 4, ¶ 1.32.)[2]

On January 9, 2005, defendant filed an answer along with forty (40) affirmative defenses. On January 12, 2005, we directed defendant to file a motion in limine to support their contention that discovery should be limited to the administrative record. On February 28, 2005, defendant complied with our order and filed a motion in limine to establish the arbitrary and capricious standard of review.

For the following reasons, we will apply the arbitrary and capricious standard to review the plan/claims administrator's decision to deny plaintiff's benefits. We will postpone our determination of whether to apply, and to what degree, any heightened scrutiny to the administrator's decision until we evaluate the parties' cross-motions for summary judgment.

---

[2] In that same management plan the parties agreed that the arbitrary and capricious standard of review is applicable to review defendant's decision. (Id., at 5, ¶ 1.41.) This agreement is inconsistent with plaintiff's current argument because the record available to a court conducting an arbitrary and capricious review is the record made before the plan administrator, which cannot be supplemented during litigation. See Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004) (citing Mitchell, 113 F.3d at 440). Plaintiff has since retracted that statement and now asserts that the de novo standard of review applies to this case. (Rec. Doc. No. 11, at 2.)

**DISCUSSION:**

### I. Applicable Standard of Review

Under ERISA, a court reviewing an administrator's decision to deny benefits is by default reviewed de novo, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine the employee's eligibility or construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Stratton v. E.I. DuPont De Nemours & Co., 363 F.3d 250, 253 (3d Cir. 2004). If a plan provides discretionary authority to the administrator or fiduciary, then a reviewing court applies a form of arbitrary and capricious review. Firestone Tire & Rubber Co., 489 U.S. at 111-12, 115; see Mitchell v. Eastman Kodak Co., 113 F.3d 433, 437 (3d Cir. 1997). Discretionary authority can be provided for by expressed or implied language in the benefit plan. Luby v. Teamsters Health, Welfare, & Pension Trust, 944 F.2d 1176, 1180 (3d Cir. 1991). Whether that arbitrary and capricious review is heightened in any way depends on the presence of potentially conflicted ERISA fiduciaries and is determined on a sliding scale. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 379 (3d Cir. 2000).

The scope of discovery depends on the standard of review. In the Third Circuit, "a district court exercising de novo review over an ERISA determination between beneficiary claimants is not limited to the evidence before the Fund's

Administrator." Luby, 944 F.2d at 1184-85.  In sharp contrast, the record available to a court conducting an arbitrary and capricious review is the record made before the plan administrator, which cannot be supplemented during litigation.  See Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004) (citing Mitchell, 113 F.3d at 440).  Nevertheless, when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review, it may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record.  Id.

## II.  Plan Language

In the instant case, in order for the insurer to pay benefits, a disabled employee must provide "satisfactory proof" to the insurance company "before benefits will be paid." (Rec. Doc. No. 10, Ex. 6, at LINA00017.)  The plan language also provides that in order for the benefits to continue the insurance company will require "continued proof." (Id.)  A cooperation provision also appears in the plan which requires a claimant to provide "any information or documents needed to determine whether benefits are payable or the actual benefit amount due." (Id. at LINA00024.)  The proof of loss provision of the plan requires "written proof of loss," "written proof . . . that the loss continues . . . at intervals required by us," "written proof of continued Disability and Appropriate

Care by a physician." (Id.)³  The plan also provides that the insurance company has the right to conduct a "physical examination . . . as often as it may reasonably require" of any person who has a claim pending. (Id. at LINA00025.)  The plan also prohibits a claimant from bringing a claim in law or equity "more than 3 years after the time satisfactory proof of loss is required to be furnished." (Id.)

The Third Circuit has long held that "[d]iscretionary powers may be implied by a plan's terms even if not expressly granted." Luby, 944 F.2d at 1180. Defendant contends that the LINA policy language implies discretion to the plan administrator.

Defendant has directed the court to authority that indicates courts often find that "satisfactory proof" policy language implies discretion to the plan administrator. Russell v. Paul Revere Life Ins. Co., 148 F.Supp. 2d 392, 400-01 (D.Del. 2001) (citing numerous courts from other circuits), aff'd, 288 F.3d 78 (3d Cir. 2002).  The Third Circuit complimented the Russell court's "exhaustive and carefully crafted opinion," which addressed plan language that is similar to the policy language in plaintiff's plan. 288 F.3d at 82.  Defendant also noted that the

---

³The plan defines Appropriate Care as "the determination of an accurate and medically supported diagnosis of the Employee's Disability by a Physician, or a plan established by a Physician of ongoing medical treatment and care of the Disability that conforms to generally accepted medical standards, including frequency of treatment and care." (Id. at LINA00029.)

Third Circuit in Pinto, 214 F.3d at 379, found a plan with "satisfactory proof" provided discretion to the plan administrator.  Defendant has cited to Schlegel v. Life Insurance Company of North America, 269 F. Supp. 2d 612, 616-17 (E.D. Pa 2003), where the district court applied an arbitrary and capricious standard of review of an administrator's denial of benefits to claimant under a plan that, like the instant LINA plan, required a claimant to provide "satisfactory proof of disability before benefits will be paid."  Id. at 616.  Finally, defendant has provided a copy of Koch v. Cigna Group Ins., No. 00-6028 (D.N.J. Nov. 13, 2003) (Rodriguez, J.), where the district court dealing with similar plan language found that "satisfactory proof" language made it "evident" that discretion was implied, although the claimants in that case had not contested the issue.  (Rec. Doc. No. 10, Ex. 7, at 8-9.)

     Defendant has also convincingly distinguished the policy language at issue in this case from the language of the plan in Ernest v. Paul Revere, No. 01-1003 (3d Cir. Jan 1, 2003) (unpublished opinion).  The defendant in Ernest argued that "proof" was the same as "due proof" or "satisfactory proof."  The plan in Ernest contained language only of "proof of loss" and not the language of "satisfactory proof," which is present in plaintiff's policy.  Furthermore, the Ernest decision is an unpublished and non-precedential opinion that did not overrule or address the

published Third Circuit decision in Russell.

We are also concerned with giving Ernest persuasive significance on the weight afforded to "satisfactory proof" in determining implied discretion, because in Ernest the Third Circuit noted that in the Pinto case they had "merely noted, without deciding, that the appropriateness of the application of the arbitrary and capricious standard of judicial review in that case was undisputed." Ernest v. Paul Revere, No. 01-1003, slip. op. at 6 (unpublished opinion). However, in an unpublished panel opinion from an earlier phase of the Pinto litigation the Third Circuit explicitly held that "the provision of the Plan requiring that a claimant provide 'satisfactory proof' of disability provides the necessary discretion to justify arbitrary and capricious review." Pinto v. Reliance Std. Life Ins. Co., No. 97-5297, slip. op. at 7 (3d Cir. May 28, 1998) (unpublished opinion).

Despite the Third Circuit's description of the history of Pinto in Ernest, the 1998 Pinto opinion although also unpublished, has been widely cited by courts in this circuit as persuasive authority to support a finding that policy language employing "satisfactory proof" provides discretion to the plan administrator. See Krause v. Modern Group Ltd., 156 F.Supp. 2d 437, 443-44 & n.19 (E.D. Pa. 2000) (finding a grant of implied discretion was created through the "satisfactory proof" language was consistent with the "great weight of caselaw in our Circuit");

Laucks v. Provident Co., No. 97-1507, 1999 WL 33320463, *3 & n.4 (M.D. Pa. Oct. 29, 1999) (Caputo, J.) (unpublished opinion); Landau v. Reliance Std. Life Ins. Co., No. 98-903, 1999 WL 46585, *3 & n.2 (E.D. Pa. Jan. 13, 1999) (unpublished opinion); see also Friess v. Reliance Std. Life Ins. Co., 122 F.Supp. 2d 566, 574 & n.20 (E.D. Pa. Nov. 28, 2000) (holding that "satisfactory proof" implied discretion and citing to the published Pinto opinion along with several other cases that concluded "satisfactory proof implied discretion"); Murphy v. Met. Life Ins. Co., No. 01-1351, 2001 WL 1167489, *3 (E.D. Pa. Sept. 14, 2001) (citing to published Pinto opinion to support that "satisfactory proof" language implies discretion); cf. McBride v. Continental Casualty Co., No. 97-4625, 1999 WL 301811, *4 & n.2 (E.D. Pa. May 11, 1999) (distinguishing "written proof" from "satisfactory proof") (unpublished opinion); Brown v. Continental Casualty Co., 243 F.Supp. 2d 321, 325-26 & n.4 (E.D. Pa. 2003) (distinguishing "written proof" requirement from policy language requiring "satisfactory proof" which would be entitled to arbitrary and capricious review).

    Plaintiff cites to other circuits that have found that "satisfactory proof" does not imply discretion. See Walke v. Group Long Term Disability Ins., 256 F.3d 835 (8th Cir. 2001); Herzberger v. Standard Ins. Co., 205 F.3d 327 (7th Cir. 2000); Kinstler v. First Reliance Standard Life Ins., Co., 181 F.3d 243 (2d Cir. 1999);

9

Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999); Haley v. Paul Revere Life Ins., Co., 77 F.3d 84 (4th Cir. 1996). But see Perez v. Aetna Life Ins. Co., 150 F.3d 550 (6th Cir. 1998). Courts in published and affirmed opinions within our circuit have distinguished the decisions in Kinstler, Kearney, and Hertzberger. See Russell, 148 F. Supp. 2d at 400 n.9 (distinguishing Kinstler and Kearney under "controlling Third Circuit precedent"), aff'd, 288 F.3d 78 (3d Cir. 2002); Krause, 156 F. Supp. 2d at 444 n.20 (E.D. Pa. 2000) (finding implied discretion and noting the circuit split by citing Herzberger, Kinstler, Kearney, and Perez).

Plaintiff elaborates, also through citation to precedent outside our circuit, that discretion has been implied where a plan includes that the decision is to be made by proof satisfactory "to the Administrator" or "to us." See Nance v. Sun Life Assur. Co., 294 F.3d 1263 (10th Cir. 2002); Donato v. Metro. Life Ins., Co., 19 F.3d 375 (7th Cir. 1994). In Pinto the plan referred to "satisfactory proof" in the following portion:

> The Plan provides that it will pay a monthly benefit if an insured:
>
> (1) is Totally Disabled as a the result of a Sickness or Injury covered by this policy;
> (2) is under the regular care of a Physician;
> (3) has completed the Elimination Period; and
> (4) submits satisfactory proof of Total Disability to

us.

Pinto v. Reliance Std. Life Ins. Co., No. 97-5297, slip. op. at 2 (3d Cir. May 28, 1998) (emphasis added).

The Pinto plan contained a reference that the satisfactory proof must be submitted "to us."  In this case the language of the plan states that "[s]atisfactory proof of disability must be provided to the Insurance Company, at the Employee's expense before benefits will be paid."  (Rec. Doc. No. 10, Ex. 6, at LINA00017.) "Insurance Company" is defined in the plan as follows:  "[T]he Insurance Company underwriting the Policy is named on the Policy cover page."  We find "Insurance Company" sufficiently similar to "to us."  Furthermore, the unpublished 1998 Pinto panel only referred to the provision's "satisfactory proof" language as sufficient to confer implied discretion.

We find that the "satisfactory proof" language in defendant's plan is sufficient to imply discretion to the plan administrator.  Therefore, we will apply an arbitrary and capricious standard of review.

### III.  Experience Rated Plan Vitiates Need for Heightened Review

Our analysis does not end with the determination that an arbitrary and capricious standard of review will apply.  If a court determines that a heightened arbitrary and capricious standard of review must apply, then the court must

intensify "the degree of scrutiny to match the degree of conflict." Pinto, 214 F.3d at 379. Pinto requires that when an insurance company both funds and administers a plan the court "look not only at the result-- whether it is supported by reason-- but at the process by which the result was achieved." Id. at 393.

Pinto set out factors for the court to consider in deciding the amount of deference to be afforded to benefit determinations made by insurance companies that both fund and administer plans. Pinto has provided four factors a court must consider in determining the degree of scrutiny to afford the administrator in the determination to terminate benefits: "(1) the sophistication of the parties; (2) the information accessible to the parties; (3) the exact financial arrangement between the insurer and the company; and (4) the status of the fiduciary, as the company's financial or structural deterioration might negatively impact the 'presumed desire to maintain employee satisfaction.'" Stratton, 363 F.3d at 254 (citing Pinto, 214 F.3d at 392).

Defendant does not dispute that it acted as both the claims fiduciary and insurer of the Policy at issue. However, defendant contends that because the policy is experience-rated, that fact ameliorates, if not eliminates, any potential conflict of interest. An experience-rated plan allows for an insurance company to cover its benefit payments by adjusting a policyholder's future premiums in light of

its claims history. Therefore, defendant contends we should apply the highly discretionary, unheightened, unadulterated arbitrary and capricious standard of review to its decision to deny plaintiff's benefits.

Plaintiff's reply brief does not address the issue. However, in her complaint she states that "[d]efendant has a conflict of interest in that it is both the insurer and administrator of the Plan, giving it an incentive to deny claims." (Rec. Doc. No. 1, at 3, ¶ 15(a)).

As we previously noted, whether an arbitrary and capricious review in the Third Circuit is heightened in any way depends on the presence of potentially conflicted ERISA fiduciaries and is determined on a sliding scale. Pinto, 214 F.3d at 379. Pinto did not adopt a per se rule that an arrangement that an insurance company acting both as claims fiduciary and insurer creates a conflict of interest. Id. at 383 (stating that such a dual role arrangement "generally presents a conflict and thus invites a heightened standard of review"). The Pinto court noted in a footnote that by not adopting a per se rule "different relationships between the parties could effect a different result." Id. at 388 n.6. The court when on to cite and quote the following:

> [A] conflict may arguably be ameliorated where, as here, the plan is experience-rated because the premiums charged to the employer are adjusted annually based on

>claims paid the previous year and thus the fiduciary's incentive to deny claims to increase profits is lessened, if not eliminated.

Id. (quoting Metropolitan Life Ins. Co. v. Potter, 992 F.Supp. 717, 730 (D.N.J. 1998)).

Unfortunately, there is very little Third Circuit caselaw on experience-rated plans under ERISA.[4] Although the district court in Potter noted that an experience-rated plan "may arguably" ameliorate a conflict of interest, even that court postponed deciding "whether, or to what extent, plaintiff's dual role as plan fiduciary and administrator must be weighed in determining whether plaintiff abused its discretion." Potter, 992 F.Supp. at 730.

Similarly, Judge Rufe in Rosen v. Provident Life & Accident Ins. Co., rejected an insurer's claim that any conflict of interest is ameliorated under an experience-rated plan. 2003 WL 22254805, *7 (E.D. Pa. Sept. 30, 2003). Judge Rufe characterized the footnote in Pinto that discussed Potter as dicta. Id. He then evaluated the facts under all four factors employed by courts in determining Pinto's sliding scale. Ultimately, Judge Rufe determined that because of the inherent

---

[4]Other than Potter and Pinto, an electronic westlaw database search reveals only two cases in the Third Circuit that address experience-rated plans under ERISA. In one case, the discussion is limited to one dicta sentence that assumes Pinto's sliding scale did not apply to an experience-rated plan that "directly ameliorate[s]" an insurer's structural conflict. Lasser v. Reliance Standard Life Ins. Co., 146 F. Supp. 2d 619, 622 (D.N.J. 2001).

conflict of interest caused by the insurer's dual role and because of the difference in the level of sophistication of the parties, the court applied a heightened review that fell "near the middle of the Pinto sliding scale." Id.

Although we find persuasive defendant's argument that an experience-rated plan will ameliorate any structural conflict, we are not prepared at this time to adopt a highly deferential, unadulterated, unheightened, arbitrary and capricious standard of review. Instead we will direct both parties, in the context of cross motions for summary judgment to brief where on Pinto's sliding scale our review should fall. These briefs should address all four factors set out in Pinto and recited above.

### IV. Scope of Evidentiary Record

Generally, a court conducting an arbitrary and capricious review of a plan administrator's denial of benefits is limited to the administrative record on which the plan administrator's decision is based, and that record cannot be supplemented during litigation. Kosiba, 384 F.3d at 67 n.5 (citing Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997)); Lasser, 130 F. Supp. 2d at 627-30 (D.N.J. 2001) (holding record may not be expanded beyond record that was before plan administrator when decision to terminate benefits was made when a court conducts a heightened arbitrary and capricious review) aff'd 344 F.3d 381 (3d Cir. 2003). Nevertheless, when a reviewing court is deciding whether to employ the arbitrary

15

and capricious standard or a more heightened standard of review, it may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record.  <u>Kosiba</u>, 384 F.3d at 67 n.5.  Therefore, the record in this case shall be limited to the administrative record upon which the plan administrator's decision was based and may otherwise be supplemented only with evidence that relates to the four factors to be considered when determining the exact degree of scrutiny under <u>Pinto's</u> sliding scale.

## **CONCLUSION:**

The court will apply an arbitrary capricious standard of review.  The court has not yet determined where on <u>Pinto's</u> sliding scale that review shall fall.  The parties shall brief opposing cross-motions for summary judgment which shall address the four factors for determining the exact degree of scrutiny under <u>Pinto</u> that we should apply to this case.  The evidentiary record will be limited to the record that was before the plan administrator when the benefits were denied and may only be supplemented with information pertaining to the four factors related to addressing <u>Pinto's</u> sliding scale.

<u>  s/ James F. McClure, Jr.    </u>
James F. McClure, Jr.

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANA M. GARDNER : | | |
|     Plaintiff, | | No. 4:04-CV-02474 |
| v. : | | |
| LIFE INSURANCE COMPANY : | | (Judge McClure) |
| OF NORTH AMERICA | | |
|     Defendant : | | |

## **O R D E R**

April 26, 2005

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's motion in limine to establish the arbitrary and capricious standard of review and limit the evidence to the administrative record is granted, to the extent it is consistent with the following conditions regarding supplementing the evidentiary record to determine the exact degree of heightened scrutiny, if any, to be applied. (Rec. Doc. No. 10.)

2. The court will apply some form of arbitrary and capricious review to the defendant's denial of plaintiff's benefits.

3. The parties shall file cross-motions for summary judgment that shall also address the exact degree of scrutiny we should apply to our decision under Pinto's sliding scale.

4. The evidentiary record shall be limited to the administrative record that was before the plan administrator when the decision to deny plaintiff's benefits was made. That record may only be supplemented with evidence related to Pinto's four factors that courts employ in determining the exact degree of scrutiny.

5. Discovery may proceed, limited to seeking evidence pertaining to the four factors which the court must consider in determining the exact degree of scrutiny.

6. Discovery shall be completed June 30, 2005.

7. Cross summary judgment motions shall be filed on or before July 28, 2005.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge